IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GEORGE SCOTT MASON, # 208757, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-01392 |
| | ) | |
| AUSTIN SWING, *et al.*, | ) | Judge Richardson |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff George Mason, who is in custody of the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). He has since filed several motions that are now before the Court.

## I. Applications to Proceed Without Prepaying Fees or Costs

Plaintiff has filed two Applications to Proceed in District Court Without Prepaying Fees or Costs. (Doc. Nos. 2, 15). However, Plaintiff has paid the filing fee in this action. (Doc. No. 11). Accordingly, these Applications (Doc. Nos. 2, 15) will be denied as moot.

## II. Motion for Appointment of Counsel

Plaintiff has filed a one-page document titled "Requesting Attorney." (Doc. No. 7). The Court construes this as a motion for appointment of counsel.

"Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 604−05 (6th Cir. 1993) (quotation marks and citations omitted). "Whether exceptional circumstances exist depends on the type of case and the plaintiff's ability to represent [himself]. In turn, this involves

an assessment of the complexity of the factual and legal issues involved in the case." *Bryant v. McDonough*, 72 F.4th 149, 152 (6th Cir. 2023) (citations omitted).

Plaintiff asserts, "I'm requesting [an] attorney due to the complex[ity] of this civil matter. Plus, these people are and have block[ed] me from court process and violated my rights." (Doc. No. 7). Plaintiff's Complaint and other filings (*See* Doc. Nos. 1, 6, 9), demonstrate that Plaintiff is able to set forth the facts underlying his claims with at least minimally adequate clarity. Additionally, Plaintiff is no longer incarcerated at Bedford County Jail, where staff were allegedly "block[ing] [Plaintiff] from court process." (*See* Doc. No. 20) (notice of change of address). Accordingly, Plaintiff's motion for appointment of counsel (Doc. No. 7) will be denied without prejudice.

## III. Motions for Status and Motion for Continuance

Plaintiff has filed a Motion for a Continuance seeking a 30-day extension of time to "allow [his] paperwork and the court's to synchronize." (Doc. No. 13). This motion will be denied as unnecessary. Plaintiff does not currently have any deadlines in this matter and therefore has no current need for any extension(s).

Plaintiff has filed a document titled "Status," in which he seeks a status update from the Court. (Doc. No. 12). This motion will be granted to the extent that Plaintiff is informed that the filing fee for this action has been paid. Further instructions will be provided in Section IV of this Order.

## IV. The Complaint

A preliminary examination of the Amended Complaint reveals that it "runs afoul of the [Federal Rules of Civil Procedure] governing the joinder of claims and parties in a single lawsuit." *King v. Chambers*, No. 3:20-cv-00379, 2020 WL 2404672, at *2 (M.D. Tenn. May 12, 2020).

The Federal Rules permit the joinder of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But they do not permit the combination of "unrelated claims and defendants in one lawsuit." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citation and quotation marks omitted); *see also Tolbert v. Tennessee*, No. 2:17-cv-2137-STA-egb, 2017 WL 4324541, at *2 (W.D. Tenn. Sept. 28, 2017).

Here, Plaintiff asserts claims against several police officers, the Shelbyville Police Chief, several county prosecutors, two judges, the Bedford County Circuit Clerk, a defense attorney, a warrant commissioner, a member of the board of parole, a jail administrator, and two jail officials. (Doc. Nos. 1, 9). The claims are based on unrelated events, including his arrest in March 2020, one or more parole hearings on unspecified dates, prison staff members' failure to fix an alleged error in his salary calculations beginning in September 2025, and the Circuit Clerk's alleged failure to return bond money in November 2025. (*Id.*)

Accordingly, Plaintiff will be ordered to submit an Amended Complaint that complies with Rule 20(a)(2) of the Federal Rules of Civil Procedure. If Plaintiff wishes to pursue claims against all the named Defendants, he must submit a separate complaint for each unrelated "transaction, occurrence, or series of transactions or occurrences" underlying his claims. Fed. R. Civ. P. 20(a)(2).

Defendants' Motion to Quash Service of Summons and to Stay Service of Additional Summons until PLRA Screening (Doc. No. 22) will be denied without prejudice. Despite the denial, Defendants' deadline to answer or otherwise respond to the Complaint will be stayed pending further order of the Court.

## V. Conclusion

Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs (Doc. Nos. 2, 15) are **DENIED** as moot.

Plaintiff's request to appoint counsel (Doc. No. 7) is **DENIED** without prejudice.

Plaintiff's Motion for a Continuance (Doc. No. 13) is **DENIED** as unnecessary. Plaintiff's motion for status report is **GRANTED**. The Court has notified Plaintiff regarding the status of his case in this Order.

Plaintiff **SHALL** submit an Amended Complaint that complies with Rule 20(a)(2) of the Federal Rules of Civil Procedure within **30 days** of the entry of this Order. Failure to comply with this deadline may result in dismissal of this action for failure to prosecute. Similarly, Plaintiff must maintain a current address with the Court, and failure to do so may result in dismissal of this action.

Defendants' Motion to Quash Service of Summons and to Stay Service of Additional Summons until PLRA Screening (Doc. No. 22) is **DENIED** without prejudice. However, all Defendants' deadlines to answer or otherwise respond to the Complaint are **STAYED**. The Court will reset these deadlines, if necessary, following initial review of the Amended Complaint.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE